# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARK ANTHONY ADELL,<br><br>    Plaintiff,<br>v.<br><br>WISCONSIN DEPARTMENT OF CORRECTIONS and JON LITSCHER,<br><br>    Defendants. | Case No. 17-CV-267-JPS<br><br><br>**ORDER** |

  On December 7, 2017, the Court granted Defendants' motion for summary judgment and dismissed Plaintiff's constitutional claims. (Docket #48). However, Defendants failed to address Plaintiff's statutory claims arising under the Americans with Disabilities Act and the Rehabilitation Act. *Id.* at 19. It appeared to the Court that Defendants had simply overlooked the most recent and operative screening order in which the Court allowed those statutory claims to proceed. *Id.* As a result, the Court found good cause to grant Defendants a brief extension of time to file a motion for summary judgment as to those remaining claims. *Id.* That deadline is December 28, 2017. *Id.* at 20.

  Five days after the Court's ruling, Plaintiff filed a motion seeking reconsideration of the decision to permit Defendants additional time to file a second motion for summary judgment. (Docket #49). He says that forgiving Defendants' oversight constitutes a "manifest error of law." *Id.* To support reconsideration, it should be remembered that "[a] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling

precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Plaintiff's motion is without merit. The Court enjoys the prerogative to set a schedule for the resolution of cases assigned to it. *See* Fed. R. Civ. P. 1. It also retains the discretion to amend its schedule when good reasons exist to do so. *See* Fed. R. Civ. P. 6. Defendants' error, while misguided, did not appear to be premised on bad faith. It was simply an accident.

Plaintiff wants to seize upon Defendants' error, contending that he now awaits "judgment in his favor as a matter of law." (Docket #49 at 6–7). But while he seems to believe that judgment is warranted in his favor on the statutory claims, *id.* at 2–6, he never filed a motion to that effect. As a result, Defendants' failure to seek summary judgment on those claims would, at worst, require a trial; it does not mean that Plaintiff automatically wins. Thus, Plaintiff is wrong to say that the Court's order jeopardizes his "entitlement to a favorable judgment." *Id.* at 3. He has no such entitlement at this juncture.

The Court's order merely grants Defendants a chance to raise their legal defenses, if any, to the claims before a trial becomes necessary. Certainly, if Plaintiff continues to believe that summary disposition of his remaining claims in his favor is appropriate, he may also file a motion for summary judgment as to those claims by the December 28, 2017 deadline. But courts are generally reluctant to punish technical missteps and prefer to decide cases on their merits. *Foman v. Davis*, 371 U.S. 178, 181 (1962). The

Court will not countenance Plaintiff's game of "gotcha." The motion will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #49) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of December, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge