# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARK ANTHONY ADELL,<br><br>        Plaintiff,<br>v.<br><br>WISCONSIN DEPARTMENT OF CORRECTIONS and JON LITSCHER,<br><br>        Defendants. | Case No. 17-CV-267-JPS<br><br><br>**ORDER** |

  On December 7, 2017, the Court granted Defendants' motion for summary judgment and dismissed Plaintiff's constitutional claims. (Docket #48). Defendants inadvertently did not address Plaintiff's statutory claims arising under the Americans with Disabilities Act and the Rehabilitation Act, but the Court found good cause to grant Defendants a brief extension of time, until December 28, 2017, to file a motion for summary judgment as to those claims. *Id.*

  Less than a week later, on December 12, 2017, Plaintiff filed a motion for reconsideration of that extension of time. (Docket #49). The Court denied the motion in an order issued on December 15, 2017, noting that it was well within the Court's prerogative over scheduling matters to forgive Defendants' error with respect to Plaintiff's statutory claims. (Docket #50 at 2). Moreover, the Court observed that Plaintiff was mistaken in believing that he had a right to judgment in his favor simply because Defendants forgot to move for summary judgment as to his statutory claims. *Id.*

  Only three days after the Court issued this latest order, Plaintiff now moves for reconsideration of that order. (Docket #51). He argues that he

does in fact have a right to judgment as a matter of law on his statutory claims, but this time his reasoning is based not on Defendants' summary judgment submissions but on their alleged failure to answer his allegations relating to the statutory claims. *Id.* Plaintiff appears to assert a sort of default theory, though his citation to authority is sparse. *Id.*

The motion must be denied. First, successive motions for reconsideration are not the proper vehicle for a disappointed party to continually try his hand at new theories to see which one might eventually succeed. Such motions exist to remedy manifest errors in the application of law, not as mulligans on motions lost. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). If Plaintiff wanted to assert a default-based theory in his first motion for reconsideration, he should have done so. Now, the moment has passed.

Second, the motion is wholly without merit in any event. Plaintiff is incorrect that Defendants failed to answer his allegations in his latest amended complaint. They did. (Docket #21). Defendants responded to each paragraph of Plaintiff's second amended complaint, admitting certain allegations and denying most of them, including Plaintiff's allegations that he is entitled to relief under the disability statutes he cites. *See id.* Indeed, Plaintiff replied to Defendants' answer, *see* (Docket #22), although a reply was not ordered or authorized by the Court. Plaintiff does not explain how the denials and admissions in Defendants' latest answer result in a default on his statutory claims. Consequently, his default theory is unavailing, and his motion for reconsideration will be denied.

Plaintiff was warned in the Court's last order that it will not tolerate this litigation being played as a game of "gotcha." (Docket #50 at 2–3). The instant motion is another ploy in that game. Plaintiff is hereby warned that

any further half-baked, unfounded motions will be met with appropriate sanctions. *See* Fed. R. Civ. P. 11.

Accordingly,

**IT IS ORDERED** that Plaintiff's second motion for reconsideration (Docket #51) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge